FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  FEB 27 2012  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN K. STEPHENS,

                              Plaintiff,

                                                            ORDER
              -against-                                      12-CV-00193 (SJF)(ARL)

CAPITOL ONE FINANCIAL CORPORATION,
RICHARD D. FAIRBANK, CEO, et. al,

                              Defendants.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

       On January 13, 2012, *pro se* plaintiff John K. Stephens ("plaintiff") filed a complaint in

this Court against Capitol One Financial Corporation and Richard D. Fairbank, C.E.O.

(collectively, "defendants"), accompanied by applications to proceed *in forma pauperis* and for

the appointment of *pro bono* counsel. Plaintiff's financial status, as set forth in his declaration in

support of his application to proceed *in forma pauperis*, qualifies him to commence this action

without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's

application to proceed *in forma pauperis* is granted. However, for the reasons set forth below,

plaintiff's application for the appointment of *pro bono* counsel is denied without prejudice.

       28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any

person unable to afford counsel." Courts possess substantial discretion to determine whether

appointment of counsel for civil litigants is appropriate, Ferrelli v. River Manor Health Care

Center, 323 F.3d 196, 203 (2d Cir. 2003), "subject to the requirement that [they] be 'guided by

sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989)

(quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)).

       When deciding whether to appoint counsel to an indigent civil litigant under § 1915(e)(1),

the threshold inquiry is whether there is "some likelihood of merit" to the litigant's position. Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010); see also Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) ("counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chance of prevailing are therefore poor."); see also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) (stating that "the district judge should first determine whether that indigent's position seems likely to be of substance").

If the threshold showing has been met, the court should next consider the following prudential factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; see also Johnston, 606 F.3d at 42 (applying the Hodge factors); Carmona, 243 F.3d at 632 (holding that "[o]nly after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute"). However, those factors are not exclusive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61.

The appointment of *pro bono* counsel is not warranted at this stage of the litigation because, *inter alia*, the legal issues presented in this case are not particularly complex; plaintiff appears capable of preparing and presenting his case and investigating the crucial facts; and there is no special reason to appoint counsel at this time. Accordingly, plaintiff's application for the appointment of counsel is denied without prejudice to renewal when this case is trial ready. In the

2

interim, plaintiff must either retain counsel or proceed *pro se.*

For the foregoing reasons, it is hereby:

ORDERED that plaintiff's application to proceed *in forma pauperis* is granted; and it is further,

ORDERED that plaintiff's motion for the appointment of counsel is denied without prejudice to renewal when this case is trial ready; and it is further,

ORDERED that the Clerk of Court is directed to cause the United States Marshal Service to serve copies of the summons, complaint and this Order upon defendants without prepayment of fees, and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* plaintiff at his last known address, *see* Fed. R. Civ. P. 5(b)(2)(c).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein

_____
Sandra J. Feuerstein
United States District Judge

Dated: February 27, 2012
        Central Islip, New York

3