UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN K. STEPHENS,

                Plaintiff,

                ORDER
    -against-              12-CV-00193(SJF)(ARL)

CAPITOL ONE FINANCIAL CORPORATION,
RICHARD D. FAIRBANK, CEO, et. al,

                Defendants.
----------------------------------------------------------X

IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ JUN 22 2012 ★
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On January 13, 2012, *pro se* plaintiff John K. Stephens ("plaintiff") filed a complaint in this Court against Capital One, N.A. ("Capital One"), d/b/a Capital One Bank, s/h/a Capitol One Financial Corporation ("COFC"), and Richard D. Fairbank, chief executive officer of COFC, (collectively, "defendants"), accompanied by a proposed order to show cause seeking an order (a) enjoining defendants from freezing any bank account held by plaintiff and (b) directing defendants to return any funds seized by them from the bank accounts specified by plaintiff pending a determination of this action. Defendants timely filed a response to the order to show cause. Thereafter, defendants served plaintiff with a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On March 13, 2012, defendants filed their motion to dismiss as unopposed.

I.      The Complaint

From the complaint and exhibits attached thereto, plaintiff appears to allege: (1) that on September 22, 2011 and December 4, 2011, defendants wrongfully restrained and/or debited funds

1

in a checking account held in his name at Capital One ending in -5889 ("the subject account"); and (2) that the funds in the subject account were exempt from such restraint because (a) they contain direct deposits of payments from the Social Security Administration ("SSA") of supplemental security income to plaintiff's disabled son and of Retirement, Survivors and Disability Insurance benefits to plaintiff's other children and (b) at all relevant times, the balance of the subject account was less than two thousand five hundred dollars ($2,500.00). Attached to the complaint are the bank statements pertaining to the subject account covering the period in question, which reflect a monthly direct deposit to the account from the SSA, but do not show any activity on the subject account on either of the two (2) dates alleged by plaintiff, i.e., September 22, 2011 or December 4, 2011. (Compl., Ex. A). The only debits to the subject account shown for the period from September 10, 2011 through October 11, 2011 were check or customer withdrawals, purchases with an ATM card and an overdraft charge in the amount of thirty-five dollars ($35.00) unrelated to any levy or restraint on the subject account. (Compl., Ex. A).

On November 16, 2011, plaintiff issued a check against the subject account to his wife, Aida Jusino ("Jusino")[1], (see Compl., p. 4), in the amount of fourteen hundred dollars ($1,400.00). (Compl., Ex. C). The statement of the subject account for the period from November 9, 2011 through December 9, 2011 indicates: (1) that on or prior to November 17, 2011, a Tax Compliance Levy ("the levy") had been served upon Capital One from the New York State Department of Taxation and Finance ("NYSDTF"); (2) that as a result of the levy, (a) Capital One placed a temporary hold upon the subject account, (b) plaintiff's check to Jusino was not honored when presented for payment on the basis of an "Uncollected Funds Hold," (c) the subject account was

---

[1] The records attached to plaintiff's complaint indicate that Jusino is the mother of plaintiff's disabled son, (Compl., Ex. D).

debited a thirty-five dollar ($35.00) "Held Funds Return Fee" on November 17, 2011 and (d) an account held by Jusino at Chase bank was charged a Return Item Fee in the amount of twelve dollars ($12.00); (3) that pursuant to the levy, Capital One sent a check payable on the subject account to the NYSDTF in the amount of one thousand three hundred eighty-one dollars and fifty-nine cents ($1,381.59) on November 25, 2011; and (4) that Capital One thereafter lifted the temporary hold on plaintiff's account, as reflected by the customer withdrawal of eight hundred dollars ($800.00) from the subject account on December 6, 2011. (Compl., Ex. A; see Compl., Ex. C).

Liberally read, the complaint appears to assert causes of action for violations of the Federal Trade Commission Act, 15 U.S.C. § 45, *et seq.*; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; the New York General Business Law § 349(h); and Section 5222 of the New York Civil Practice Law and Rules ("N.Y.C.P.L.R."), as amended by the New York Exempt Income Protection Act of 2008 ("EIPA"), 2008 McKinney's Session Law of N.Y. ch. 575, as well as for breach of the implied covenant of good faith and fair dealing, unjust enrichment and "wrongful seizure." Plaintiff seeks declaratory and injunctive relief, disgorgement, "imposition of a construction trust upon, all profits, benefits and other compensation;" actual and statutory damages; punitive damages and attorneys' fees.

II. Discussion

　A. Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167

L.Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119-20 (2d Cir. 2010)(accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S.Ct. at 1959. The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Iqbal, 556 U.S. 662, 129 S.Ct. at 1949.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Matson v. Board of Education of City School District of New York, 631 F.3d 57, 63 (2d Cir. 2011); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008); see also Ruston v. Town Board for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010), cert. denied, 131 S.Ct. 824, 178 L.Ed.2d 556 (2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.") However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal,

556 U.S. 662, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950; see also Ruston, 610 F.3d at 59 ("A court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." (quotations and citations omitted)). Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, 604 F.3d at 120-1; see also Matson, 631 F.3d at 63 ("While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation." (internal quotations and citation omitted)).

The Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002) (citing International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)); see also DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010).

B.  Federal Claims

To the extent the complaint can be read to seek to assert a cause of action under the Federal Trade Commission Act, 15 U.S.C. § 45, *et seq.*, (see Compl., p. 2), it fails to state a claim because that statute does not provide for a private cause of action. See Scott v. AOL Time Warner, 109 Fed. Appx. 480, 481 (2d Cir. Sept. 30, 2004) (summary order) (citing Naylor v.

Case and McGrath, Inc., 585 F.2d 557, 561 (2d Cir. 1978)). Accordingly, any claim brought pursuant to the Federal Trade Commission Act is dismissed with prejudice.

To the extent the complaint can be read to seek to assert a cause of action under Section 1640 of the TILA, (Compl., p. 5), it fails to state a claim. The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). TILA defines "credit" as "the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment." 15 U.S.C. § 1602(f). Moreover, "TILA imposes liability only upon creditors and, in some limited circumstances, assignees." Vincent v. Money Store, No. 03 Civ. 2876, 2011 WL 4501325, at * 4 (S.D.N.Y. Sept. 29, 2011). TILA defines "creditor" as "a person who both (1) regularly extends * * * consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(g). "This definition 'is restrictive and precise, referring *only* to a person who satisfies *both* requirements' of the bifurcated definition." Id. (quoting Cetto v. LaSalle Bank Nat'l Ass'n, 518 F.3d 263, 270 (4th Cir. 2008)) (emphasis in original). Based upon the allegations in the complaint, plaintiff is complaining, *inter alia*, of the imposition of fees against his personal checking account unrelated to any extension of credit, i.e., the thirty-five dollar ($35.00) "Held Funds Return Fee." Since this action does not involve a consumer credit transaction, and defendants are not creditors of plaintiff within the meaning of

TILA, any claim brought pursuant to TILA is dismissed with prejudice for failure to state a claim. See, e.g. Marrazzo v. Bucks County Bank and Trust Co., 814 F. Supp. 437, 442-3 (E.D. Pa. 1993) (holding that the plaintiffs did not state a claim under TILA where they challenged the imposition of service or finance charges against their business checking account and there was nothing to suggest that those charges constituted or were levied as the result of an extension of credit).

### C. State Law Claims

Plaintiff's remaining state law claims are all premised upon defendants' allegedly wrongful restraint of the subject account and imposition of fees as a result thereof. Section 5232(a) of the New York Civil Practice Law and Rules authorizes: (1) a levy by execution "upon any interest of [a] judgment debtor or obligor in personal property not capable of delivery * * *, by serving a copy of the execution upon the garnishee, in the same manner as a summons * * *" and (2) the person served with the execution to "forthwith transfer all such property * * *" to satisfy the debt.[2] Section 5222-a of the New York Civil Practice Law and Rules provides additional procedures to be followed when a levy by execution is served against an account at a banking institution. See also N.Y.C.P.L.R. § 5232(g) ("Where a levy by execution pursuant to this section is made against a natural person's account at a banking institution, * * * section fifty-two hundred twenty-two-a of this article shall apply, and all procedures stated therein must be followed.") Plaintiff does not challenge any conduct on the part of the NYSDTF in, *inter alia*,

---

[2] Although plaintiff references Section 5222 of the New York Civil Practice Law and Rules, that statute governs restraining notices rather than a levy by execution, which was employed here. In any event, Section 5222 contain substantively identical language as Section 5232 with respect to the relevant provisions at issue and would not change the result herein.

causing a levy by execution to be served upon Capital One, nor does he dispute that he owed a debt to the NYSDTF.

Plaintiff appears to contend, however, that the funds in the subject account were exempt from levy by execution under Section 5205(l)(1) of New York Civil Practice Law and Rules, which provides, in relevant part, that "[i]f direct deposit or electronic payments reasonably identifiable as statutorily exempt payments were made to the judgment debtor's account in any banking institution during the forty-five [45] day period preceding the date a restraining notice was served on the banking institution or an execution was served upon the banking institution by a marshal or sheriff, then two thousand five hundred dollars [$2,500.00] in the judgment debtor's account is exempt from application to the satisfaction of a money judgment." Pursuant to Section 5205(l)(2), "statutorily exempt payments" include "payments from * * * social security, including retirement, survivors' and disability benefits, [and] supplemental security income." Where "statutorily exempt payments" were directly deposited to the judgment debtor's account during the forty-five (45) day period preceding the date that the execution notice was served upon the garnishee banking institution, Section 5232(e) of the New York Civil Practice Law and Rules precludes the garnishee banking institution from "execut[ing], levy[ing], attach[ing], garnish[ing] or otherwise restrain[ing] or encumber[ing] two thousand five hundred dollars [$2,500.00] in the judgment debtor's account." Moreover, Section 5232(f) of the New York Civil Practice Law and Rules precludes a banking institution from charging any fee to the judgment debtor when, *inter alia*, "funds are garnished or executed upon in violation of [Sections 5222, 5222-a or 5232]."

However, Sections 5222-a(i) and 5232(h) of the New York Civil Practice Law and Rules expressly provide, in relevant part, that the provisions of Section 5222-a and Sections 5232(e), (f)

8

and (g) "do not apply when the state of New York, or any of its agencies * * * is the judgment creditor * * *." Accordingly: (1) the funds in the subject account were not exempt from levy by execution by the NYSDTF, the judgment creditor; (2) Capital One was statutorily authorized under New York law (a) to place a temporary hold upon the subject account once served with the levy by execution and (b) to transfer the funds in the subject account to satisfy plaintiff's debt to the NYSDTF; and (3) Capital One was not precluded under New York law from charging plaintiff a fee relating to the held funds. Therefore, the complaint fails to state a claim for violation of Sections 5222, 5222-a or 5232 of the New York Civil Practice Law and Rules. Moreover, since plaintiff has not identified any contractual provision otherwise precluding Capital One from restraining the subject account or from charging a "Held Funds Return Fee," the complaint also fails to state a claim for breach of the implied covenant of good faith and fair dealing, unjust enrichment or wrongful seizure.

Furthermore, to the extent the complaint can be read to seek to assert a cause of action under Section 349(h) of the New York General Business Law, (see Compl., p. 2), it fails to state a claim for relief. In order to state a claim under New York General Business Law § 349(h), "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." Koch v. Acker, Merrall & Condit Co., 18 N.Y.3d 940, 941, 944 N.Y.S.2d 452, — N.E.2d — (N.Y. 2012) (quotations and citation omitted). Since plaintiff has not identified any act or practice engaged in by defendants "that is deceptive or misleading in a material way * * * to a reasonable consumer," Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 325, 746 N.Y.S.2d 858, 774 N.E.2d 1190 (N.Y. 2002) (quotations and citations omitted), the complaint

fails to state a claim under Section 349(h). Accordingly, defendants' motion seeking dismissal of plaintiff's complaint is granted and plaintiff's claims are dismissed in their entirety with prejudice for failure to state a claim for relief.[3]

III. Conclusion

For the reasons set forth above, plaintiff's application for a preliminary injunction is denied, defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and the complaint is dismissed in its entirety with prejudice. The Clerk of Court is directed to enter judgment in favor of defendants, close this case and serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* plaintiff at his last known address, *see* Fed. R. Civ. P. 5(b)(2)(c).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: June 22, 2012
Central Islip, New York

---

[3] In light of this determination, plaintiff's application for a preliminary injunction is denied, as there is no likelihood of success on the merits.